FILED
JAN 10 2024
U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 4:24CR00007-JAR/PLC |
| JOSEPH BAUER, | ) | |
| Defendant. | ) | |

**INDICTMENT**

**COUNT I**

The Grand Jury charges that:

At all times pertinent to the charges in this indictment:

1. Federal law defined the term

(a) "minor" to mean any person under the age of eighteen years (18 U.S.C. §2256(1));

(b) "sexually explicit conduct" to mean actual or simulated--

(i) sexual intercourse, including genital-genital, anal-genital, oral-genital, oral-anal, whether between persons of the same or opposite sex,

(ii) bestiality,

(iii) masturbation,

(iv) sadistic or masochistic abuse, or

(v) lascivious exhibition of the genitals or pubic area of any person (18 U.S.C. §2256(2)(A));

(c) "computer" to mean an electronic, magnetic, optical, electrochemical or other high speed data processing device performing logical, arithmetic or storage functions, including any data storage facility or communications facility directly related to or operating in conjunction with such device. (18 U.S.C. §2256(6));

(d) "child pornography" to mean any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where--

(A) the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct; or

(C) such visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaging in sexually explicit conduct. (18 U.S.C. §2256(8)).

2. The "Internet" was, and is, a computer communications network using interstate and foreign lines to transmit data streams, including data streams used to store, transfer and receive graphic files.

3. The Grand Jury charges that:

In or around July 2022, within the Eastern District of Missouri and elsewhere,

**JOSEPH BAUER,**

the defendant herein, attempted to and did employ, use, persuade, induce, entice, and coerce a minor, Minor 1, to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, knowing and having reason to know that such visual depiction would be transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, and which visual depiction was actually transported and transmitted using any means and facility of interstate and foreign commerce and

in and affecting interstate and foreign commerce, and which visual depiction was produced using materials that have been mailed, shipped, and transported in and affecting interstate and foreign commerce, by any means, including by computer, to wit: digital visual depictions of Minor 1 engaged in sexually explicit conduct.

In violation of Title 18, United States Code, Sections 2251(a) & (e).

## FORFEITURE ALLEGATION

The Grand Jury further finds by probable cause that:

1. Pursuant to Title 18, United States Code, Section 2253, upon conviction of an offense in violation of Title 18, United States Code, Section 2251(a) as set forth above, the defendant shall forfeit to the United States of America: any visual depiction as described in Sections 2251, 2251A, 2252, 2252A or 2260 of Title 18, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of Chapter 110 of Title 18; any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property.

2. If any of the property described above, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

the United States of America will be entitled to the forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

A TRUE BILL.

______________________________
FOREPERSON

SAYLER FLEMING
United States Attorney

______________________________
DIANNA R. COLLINS, #59641MO
Assistant United States Attorney